UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURMAKHAMED NADYROV,<br><br>              Petitioner,<br><br>      v.<br><br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>              Respondents. | No. 1:25-cv-00754-JLT-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION (Doc. 16), GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 14)<br><br>CLERK OF COURT IS DIRECTED TO ENTER JUDGMENT AND CLOSE THE CASE |

Nurmakhamed Nadyrov is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 11, 2025, the Magistrate Judge issued findings and recommendation that respondents' motion to dismiss be granted and the petition for writ of habeas corpus be dismissed as moot. (Doc. 16). The Court served the findings and recommendation on the parties and notified them that any objections were due in 14 days. (*Id.* at 2-3).[1] The Court further warned the parties "that failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). Neither

---

[1] Reference to pagination is to CM/ECF system pagination.

1

party filed objections.[2] (*See* docket).

As the Magistrate Judge found, the case is moot because petitioner is no longer detained, having been removed from the United States to his home country of Kyrgyzstan. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court holds the findings and recommendation to be supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1.    The findings and recommendation issued on December 11, 2025 (Doc. 16) are **ADOPTED IN FULL.**

2.    Respondents' motion to dismiss (Doc. 14) is **GRANTED**.

3.    The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

4.    The Clerk of Court is directed to enter judgment and close the case.

5.    A certificate of appealability is not required in the event an appeal is filed.[3]

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:    **January 19, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] Due to petitioner's removal from the United States, the U.S. Postal Service returned the document as Undeliverable, Return to Sender, Detainee Not in Custody.

[3] A certificate of appealability will not be required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

2